ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
**ATKINSON LAW ASSOCIATES LTD.**
8965 S Eastern Ave, Suite 260
Las Vegas, NV 89123
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*Attorney for Brian D. Shapiro, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>HENRY IP;<br><br>Debtor. | Case No.   18-12467-abl<br>Chapter 7<br><br>**MOTION TO COMPEL MONLEY IP-ZHENG, SIU HONG IP, AND SUK YEE IP-HO TO ATTEND RULE 2004 EXAMINATIONS AND PRODUCE DOCUMENTS**<br><br>Hearing Date:   OST REQUESTED<br>Hearing Time:   OST REQUESTED |

BRIAN D. SHAPIRO, trustee of the above-captioned bankruptcy estate (the "*Trustee*"), by and through counsel, hereby moves this Court for an order compelling Monley I-Zheng, Siu Hong Ip, and Suk Yee Ip-Ho to attend their Rule 2004 examinations and produce the documents identified on their subpoenas.

This motion is based on: the Memorandum of Points and Authorities contained herein; the pleadings and papers on file in this case; the contemporaneously-filed Declaration of Robert Atkinson, Esq. ("*Atkinson Decl.*"), and any oral arguments made at the time of hearing on this matter.

DATED:  July 5, 2018                                    **ATKINSON LAW ASSOCIATES LTD.**

                                                                         By:  _____/s/ Robert Atkinson_____
                                                                                 ROBERT E. ATKINSON, ESQ. #9958
                                                                                 *Attorney for Brian D. Shapiro, Trustee*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    FACTUAL and PROCEDURAL BACKGROUND

1. Debtor began this bankruptcy case on April 30, 2018 as a chapter 13. [DE #1.]

2. For undisclosed reasons, on May 14, 2018 Debtor then voluntarily converted the case to one under Chapter 7. [DE #10.]

3. After the case was converted, then the Debtor filed his schedules [DE #14], statement of financial affairs [DE #15] and chapter 7 means test [DE #18].

4. On May 18, 2018, the Trustee filed an application to employ general counsel in this case. [DE #26.]

5. The Section 341 meeting of creditors was held on June 1. It was lengthy, and focused on the alleged transfer of 100% of the membership interests in three LLCs that each own residential real estate in Clark County, Nevada. The LLCs are:

- HMLV Acquisitions LLC (which is the deed owner of 8883 Tomnitz Ave, Las Vegas NV),

- HMLV Holdings LLC (which is the deed owner of 6815 Sugartree Ave, Las Vegas NV); and

- HMLV Properties LLC (which is the deed owner of 6260 W Cougar Ave, Las Vegas NV 89139).

[Atkinson Decl. at ¶ 2.]

6. The undersigned estimates that at least $300,000 in equity exists across the three properties. [Id. at ¶ 3.]

7. Land records and documents provided by Debtor prove that all three companies used to be 100% owned by Debtor, or by Debtor's living trust.[1] [Id. at ¶ 4.]

8. Documents provided by Debtor show that the membership interest in the companies was purportedly assigned in full to Debtor's parents (Siu Hong Ip and Suk Yee Ip-Ho) in late 2014 or early 2015. However, none of those assignments are notarized. [Id. at ¶ 5.]

---

[1] The initials "HMLV" appear to stand for Henry & Monley Las Vegas. Monley is Debtor's wife.

-2-

9. Debtor has very few creditors. The two main creditors arise from an auto accident that occurred in July 2015, and various claims against Debtor made by a former employer for various alleged acts made between 2015 and 2017. Both claims were in active litigation at the time the bankruptcy was filed, with the car accident case (Eighth District Court case A-15-725034-C) being on the eve of trial. [Id. at ¶ 6.]

10. Debtor's original Schedule A/B failed to identify either his wife's bank account, or other community assets. The items were discussed in the 341 as being missing from Debtor's schedules. [Id. at ¶ 7.]

11. Debtor testified at his 341 meeting that he lives with his wife (MONLEY IP-ZHENG), and that his parents (SIU HONG IP and SUK YEE IP-HO) also live with him when they are not in China. He also testified that they are here in Las Vegas now, as a result of the recent birth of his child, and otherwise are sometimes in China. [Id. at ¶ 8.]

12. Debtor produced bank statements of the three HMLV companies, which show rents being deposited, the mortgages and other costs of the properties being paid, and also large cash withdrawals of profit. Debtor testified at the 341 meeting that only he has the debit card on these three accounts, and that he is the one that pulled out all of the cash, but that he gave all of the cash to his parents because they are now the property owners and the money belongs to them. [Id. at ¶ 9.]

13. The Trustee decided to get more information from Debtor and his relatives, and on June 4, 2018 four ex parte motions for Rule 2004 examinations were filed [DE #35-38] on the debtor, his wife, and his two parents. Orders approving the examinations were docketed on June 4, 2018, which pursuant to LR 2004(b) were signed by the Clerk of the Court [DE #39-42].

14. The Trustee, by and through the undersigned counsel, issued three subpoenas, one each against the Debtor's wife and the two parents, setting Friday, June 22, 2018 as the examination date. [Atkinson Decl. at ¶ 10.] Notices of the subpoenas were timely docketed [DE #47-49].

15. The parents were personally served with the subpoenas at the Debtor's residence on June 5, 2018. [*See* DE #75, 76 (affidavits of personal service of subpoena on SIU HONG IP and SUK YEE IP-HO).]

16. The very next day, on June 6, 2018, Debtor filed a motion to convert this bankruptcy case to chapter 11. [DE #54.]

17. The process server provided service reports to the undersigned that show that the server attempted to serve Monley seven times, both at home and at her workplace. The Debtor's parents opened the door once (the first time) and said that Monley was not home. When the process server attempted to serve her at her workplace, the receptionist stated that Monley was not present because she was on a leave of absence. On several later attempts made at the Debtor's residence, the process server heard voices inside the house, but no one answered the door. No one called in response to the business cards left by the process server on the house door. [*See* DE #77 (affidavit of attempted personal service of subpoena on MONLEY IP-ZHENG).] Accordingly, Monley's subpoena was mailed to her, to both at her residence and to her workplace. [*See* DE #78 (affidavit of mailing).] The Trustee asserts that the mailing provides sufficient "delivered to" service under FRCP Rule 45, as made applicable to these proceedings via Fed. R. Bank. P. Rule 9016.

18. On June 19, 2018, prior to the scheduled examination date, all three parties appeared in this case via counsel and filed a joint motion to quash subpoenas [DE #62] ("*Motion to Quash*"), on the basis that (i) the witness fees had not been tendered, (ii) the examinations were not needed if the case were converted; and (iii) the subpoenas allegedly make inquiry about assets that are not bankruptcy estate assets. [DE #62.]

19. All three witness fees were tendered to the deponent's counsel in person on June 20, 2018, which was prior to the scheduled 2004 examinations, and those funds were accepted by that counsel. [Atkinson Decl. at ¶ 11.] Because the witness fees were tendered two days prior to the scheduled 2004 examinations, the "shall first be tendered" requirement of Bankruptcy Rule 2004(e) was timely met.

-4-

20.  None of the three parties appeared at the originally scheduled examination date of June 22, 2018.  [Atkinson Decl. at ¶ 12.]  The undersigned was told twice (in person on June 20, and via email on June 21) that those persons would not appear for the examinations because the Motion to Quash and the motion to convert case had been filed.  [Id.]

21.  All three 2004 examinations have been re-scheduled for July 20, 2018.  [DE #70-72.]

22.  The hearing on the Motion to Quash is set for August 1, 2018. [DE #63.]

## II.    LEGAL AUTHORITIES & ARGUMENT

23.  Attendance of a non-debtor at a Rule 2004 examination can be compelled by subpoena.  Fed. R. Bank. P. 2004(c), 9016.  Failure of a non-debtor to comply with a subpoena to appear and attend at a Rule 2004 examination is governed by FRCP Rule 45.  *Id.*

24.  Separately, in addition to the subpoena to appear and produce documents, the three non-debtors were also served with the Court's order to attend the Rule 2004 examinations.  [DE #75-76, 78, 40-42, 47-49].  Those orders stated that MONLEY IP-ZHENG, SIU HONG IP and SUK YEE IP-HO "shall appear for an examination on matters within the scope of Bankruptcy Rule 2004(b)".  [DE #40-42]

25.  This Court may hold in contempt any person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.  Fed. R. Civ. P. 45(g).  However, "when a nonparty has objected to a subpoena under Civil Rule 45(c)(2)(B) or even when its objection has been first raised in a motion to quash, a court may not invoke its contempt powers for failure to comply without first issuing an order compelling that compliance."  Stipp v. CML-NV One, LLC (In re Plise), 506 B.R. 870, 879 (B.A.P. 9th Cir., 2014) (citing to Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir., 1983)).  Accordingly, the Trustee brings this motion to compel compliance with the three subpoenas (and any new ones that may issue) and the clerk-entered court orders to attend the rescheduled Rule 2004 examinations.

26. FRCP Rule 37 applies to a party (or a deponent) in a contested matter or adversary proceeding. Stipp, 506 B.R. at 877 (citing to Bankruptcy Rule 9014 and 7037). By filing the Motion to Quash, MONLEY IP-ZHENG, SIU HONG IP and SUK YEE IP-HO have turned their attendance and compliance with the subpoena and court order into a contested matter. Accordingly, the Court has the authority to compel discovery (including attendance at the 2004 examinations) and document production pursuant to FRCP Rule 37, as made applicable to this contested matter via Bankruptcy Rules 9014 and 7037.[2] The certification required by Rule 37(a) is attached as the last page of this document.

### III. RELIEF REQUESTED

27. The Trustee seeks entry of an order compelling MONLEY IP-ZHENG, SIU HONG IP and SUK YEE IP-HO to: (i) attend their Rule 2004 examinations (whether as currently scheduled, or as may be scheduled in the re-issuance of subpoenas, and also at any further rescheduling or continuances thereof that may occur), and (ii) to produce the documents identified in the original (or any re-issued) subpoenas to appear and attend at the Rule 2004 examinations.

# # # # #

DATED: July 5, 2018        **ATKINSON LAW ASSOCIATES LTD.**

By:        /s/ Robert Atkinson

ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958
*Attorney for Brian D. Shapiro, Trustee*

---

[2] To comply with the Stipp requirement that an order compelling compliance first be entered prior to a finding of contempt, the may also simply rely on its inherent powers under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

### *Certification Required by FRCP Rule 37(a)*

A good faith attempt was made two times with counsel for MONLEY IP-ZHENG, SIU HONG IP and SUK YEE IP-HO in an effort to have those persons appear at the originally-scheduled examination dates and produce documents without court action. The attempts were made in person on June 20, and via email on June 21. Those attempts were denied (on the basis that the Motion to Quash had been filed, and that the Motion to Convert had been filed), which resulted in this motion.

                                                  /s/ Robert Atkinson
                                                Robert Atkinson